**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3690 Taylor Drive, Garnet Valley, PA 19060 _____

Address of Defendant: _____ 1505 Race Street, Mail Stop 627, Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction: _____ 1505 Race Street, Mail Stop 627, Philadelphia, PA 19102 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/19/2019 _____ *Charlene Gedeus /mc* _____ 317896 _____
                          *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Charlene A. Barker Gedeus , counsel of record *or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 06/19/2019 _____ *Charlene Gedeus /mc* _____ 317896 _____
                          *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Eileen Masterson-Carr
3690 Taylor Drive
Garnet Valley, PA 19060

**(b)** County of Residence of First Listed Plaintiff   Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald R. Clarke
119 S. Easton Road, Suite 207
Glenside, PA  19038; (215) 572-0530; jclarke@clarkandassoc.com

## DEFENDANTS
Drexel University College of Medicine
1505 Race Street, Mail Stop 627
Philadelphia, PA 19102

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Charlene A. Barker Gedeus, Buchanan Ingersoll & Rooney, PC
Two Liberty Place, 50 S. 15th Street, Suite 3200
Philadelphia, PA  19102; (215) 665-8700; charlene.gedeus@bipc.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1  U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ❏ 2  U.S. Government<br>Defendant | ❏ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>  &amp; Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>  Liability<br>❏ 320 Assault, Libel &<br>  Slander<br>❏ 330 Federal Employers'<br>  Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>  Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>  Product Liability<br>❏ 360 Other Personal<br>  Injury<br>❏ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury -<br>  Product Liability<br>❏ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>❏ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>  Property Damage<br>❏ 385 Property Damage<br>  Product Liability | ❏ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 835 Patent - Abbreviated<br>  New Drug Application<br>❏ 840 Trademark<br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC<br>  3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br>  Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br>  Act |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>☒ 442 Employment<br>❏ 443 Housing/<br>  Accommodations<br>❏ 445 Amer. w/Disabilities -<br>  Employment<br>❏ 446 Amer. w/Disabilities -<br>  Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br>  Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>❏ 710 Fair Labor Standards<br>  Act<br>❏ 720 Labor/Management<br>  Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br>  Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br>  Income Security Act<br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br>  Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>❏ 871 IRS—Third Party<br>  26 USC 7609 | ❏ 896 Arbitration<br>❏ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>❏ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ❏ 1  Original<br>Proceeding | ☒ 2  Removed from<br>State Court | ❏ 3  Remanded from<br>Appellate Court | ❏ 4  Reinstated or<br>Reopened | ❏ 5  Transferred from<br>Another District<br>*(specify)* | ❏ 6  Multidistrict<br>Litigation -<br>Transfer | ❏ 8  Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2601, et seq.; 28 U.S.C. § 1441 et seq
Brief description of cause:
Employment discrimination action involving allegations of violations of the Family Medical Leave Act

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/19/2019

SIGNATURE OF ATTORNEY OF RECORD
*Charlene Gedeus/me*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| EILEEN MASTERSON-CARR | : | CIVIL ACTION |
| v. | : | |
| DREXEL UNIVERSITY COLLEGE OF MEDICINE | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| June 19, 2019 | *Charlene Gedeus/me* | Drexel University College of Medicine |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (2150 665-3812 | (215) 665-8760 | charlene.gedeus@bipc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EILEEN MASTERSON-CARR,

                 Plaintiff,

       v.

DREXEL UNIVERSITY COLLEGE OF MEDICINE,

                 Defendant.

Civil Action No. _____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Drexel University College of Medicine ("Drexel"), by and through its undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1441 *et seq.*, and hereby removes the above-captioned civil action, originally filed in the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.  In support of this Notice of Removal, Drexel states as follows:

1.      On or about May 21, 2019, Eileen Masterson-Carr ("Plaintiff") filed a Complaint against Drexel in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned *Eileen Masterson-Carr v. Drexel University College of Medicine*, Civil Division No. 002157.

2.      On May 23, 2019, counsel for Drexel agreed to accept service of the Complaint via email effective June 10, 2019.  *In compliance with 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of all the process, pleadings, orders, and other papers or*

*exhibits of every kind on file in the Court of Common Pleas of Philadelphia County are attached hereto as Exhibit A.*

3.      This removal is therefore timely under 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of the date that Drexel received a copy of the Complaint, through service of otherwise.

## JURISDICTION

4.      The State Court Action is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1441(a) because the matter involves a federal question.  As such the State Court action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) for the reasons set forth below.

5.      In Count One of the Complaint, Plaintiff alleges that Drexel wrongfully terminated Plaintiff's employment in retaliation for taking leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").  *See* **Exhibit A ¶¶** 19-23.

6.      In Count Two of the Complaint, Plaintiff alleges that Drexel terminated Plaintiff's employment in violation of Pennsylvania public policy.  *See* **Exhibit A ¶¶** 24-26.

7.      Based on the allegations asserted in Plaintiff's Complaint, this action is being removed to this Court based upon federal question and supplemental jurisdiction.

8.      The United States Code provides in pertinent part that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Moreover, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division

-2-

embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Furthermore, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).

9.      Accordingly, this action is removable pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331, under this Court's federal question jurisdiction.  This Court may maintain jurisdiction over Plaintiff's remaining state law claim pursuant to the doctrine of supplemental jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966).

10.     Additionally, because this is an action over which federal district courts have original jurisdiction, and because Philadelphia County is embraced by the United States District Court for the Eastern District of Pennsylvania, the action is properly removed to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1441(a).

11.     *A true and correct copy of Defendant's Notice of Removal of Civil Action is attached hereto as Exhibit "B."*  In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all attachments will be served upon Plaintiff's counsel, and filed with the Clerk for the Court of the Court of Common Pleas of Philadelphia County.

12.     Nothing in this Notice shall be interpreted as a waiver of relinquishment of Drexel's right to assert any defense or affirmative matter, including, without limitation, a motion to dismiss or any pre-answer motion under Federal Rule of Civil Procedure 12.

**WHEREFORE**, Defendant Drexel University College of Medicine hereby respectfully notifies this Court that it has removed this action, presently pending in the Court of Common

Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

BUCHANAN INGERSOLL & ROONEY PC

By:   _/s/ Charlene A. Barker Gedeus_
Joseph J. Centeno (PA ID No. 70902)
Charlene A. Barker Gedeus (PA ID No. 317896)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555
Telephone:  (215) 665-8700
Facsimile:  (215) 665-8760
joseph.centeno@bipc.com
charlene.gedeus@bipc.com

Dated: June 19, 2019          *Attorneys for Defendant Drexel University College of Medicine*

# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

MAY 2019

E-Filing Number: 1905044561

002157

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| EILEEN MASTERSON-CARR | DREXEL UNIVERSITY COLLEGE OF MEDICINE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3690 TAYLOR DRIVE<br>GARNET VALLEY PA 19060 | 1505 RACE STREET MAIL STOP 627<br>PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

1E - EMPLOYMENT, WRONGFUL DISCHARGE

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br>MAY **21** 2019<br>**A. SILIGRINI** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES      NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: EILEEN MASTERSON-CARR

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GERALD R. CLARKE | 119 S EASTON ROAD<br>SUITE 207<br>GLENSIDE PA 19038 |
| PHONE NUMBER: (215) 572-0530 | FAX NUMBER: (215) 884-4152 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 86236 | jclarke@clarkeandassoc.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *GERALD CLARKE* | Tuesday, May 21, 2019, 10:18 am |

FINAL COPY (Approved by the Prothonotary Clerk)

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
MAY 2019 10:18 am
A. SILIGRINI

Eileen Masterson-Carr,
PLAINTIFF

v.

Drexel University College of Medicine,
DEFENDANT

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

10-284

GERALD R. CLARKE, ESQ.                                         ATTORNEY FOR PLAINTIFF
PA Bar Number 86236                                           *Filed and Attested by the*
119 S. Easton Road                                           *Office of Judicial Records*
Glenside, Pa 19038                                          *21 MAY 2019 10:18 am*
215-572-0530                                                      *A. SILIGRINI*

---

EILEEN MASTERSON-CARR,                    |   Court of Common Pleas
                        Plaintiff         |   Philadelphia County
                                          |   Trial Division - Civil
            v.                            |
                                          |
                                          |
Drexel University College of Medicine,    |         Term, 2019
                    Defendant             |   No. _____
                                          |
                                          |
                                          |   Jury Trial
                                          |

---

### COMPLAINT

Plaintiff Eileen Masterson-Carr, through her undersigned attorney, hereby files the following complaint:

**Parties**

1.      Plaintiff is Eileen Masterson-Carr, 3690 Taylor Drive, Garnet Valley, PA. 19060

2.      Defendant is Drexel University College of Medicine, 1505 Race Street, Mail Stop 627, Philadelphia, PA 19102.

3.      Plaintiff was employed as an Executive Director Revenue Cycle Management with Defendant from April 28, 2015 until July 1, 2017.

4.      Plaintiff's direct supervisor during all relevant portions of her employment was Anthony Esposito, Associate Dean, Financial Affairs.

5.      Mr. Esposito had made it clear to the Plaintiff, on numerous occasions, that he does not tolerate excessive absences from work.

Case ID: 190502157

6.     On April 26, 2017, Mr. Esposito informed the Plaintiff about a complaint that was lodged against her by the Plaintiff's subordinate, Ashley Kukla, about an alleged inappropriate statement made by Plaintiff to Ms. Kukla on April 19, 2017.

7.     The Plaintiff suffers from a serious health condition for which she was granted leave under the Family Medical Leave Act ("FMLA") beginning March 13, 2017.

8.     The leave was deemed "continuous" from March 13, 2017 until March 24, 2017 and on March 27, 2017 was converted from continuous to intermittent.

9.     The Plaintiff took 52 hours of intermittent leave covered under FMLA from March 29, 2017 until May 3, 2017.

10.    The Plaintiff resumed continuous leave starting on May 9, 2017.  On June 9, 2017 the Plaintiff's continuous leave was extended until  July 16, 2017.

11.    On June 12, 2017 the Plaintiff received a text message from Mr. Esposito addressing his belief that the Plaintiff was coming back from her leave on June 13th and expressing that he wished to meet with Plaintiff upon her return to get her "up to speed".

12.    Shortly after that text message, Mr. Esposito learned that the Plaintiff would not be returning to work that day that that her leave had been extended until July 17, 2017.

13.    On June 14, 2017 the Plaintiff received a phone message from Mr. Esposito stating that he and Jennifer Gallagher, a Human Resources Business Partner wanted to schedule a teleconference with the Defendant to discuss the results of the investigation of the incident that allegedly occurred on April 19, 2017.

14.    The Plaintiff was told via the telephone by Mr. Esposito and Ms. Gallagher on June 15, 2017 that her employment was being terminated because of violation of the "anti-retaliation" policy.

15.    At the time of her termination, the Plaintiff had been on continuous leave from employment and had not had any contact with employees involved in the alleged incident on April 19, 2017 during this leave.

16.    The Plaintiff did not engage in any coercive, intimidating or retaliatory behavior related to her employment at any time before or after April 19, 2017.

17.    Mr. Esposito's only took action to terminate the Plaintiff's employment after learning that her leave was extended.

18.    In fact, directly prior to communicating to the Plaintiff that her employment was terminated, Mr. Esposito had communicated with the Plaintiff in a manner that appeared that her employment would be ongoing.

## COUNT I – Retaliation of Exercise of FMLA Leave Rights

19.    Paragraphs 1 through 18 are referenced as though set forth here in full.

20.    At the time of her termination, the Plaintiff was covered under a protected leave under the FMLA. Anthony Esposito has expressed his animus for extended absences from work.

21.    The context of the communication to Plaintiff from Mr. Esposito immediately before he learned that the Plaintiff's FMLA leave would be extended indicated that her job was not in jeopardy.

22.    Immediately after learning that the Plaintiff's FMLA leave would be extended Mr. Esposito took action to terminate the Plaintiff's employment.

23.     The purported reason for terminating the Plaintiff's employment is pretextual. Based upon the timing of the communication and the underlying circumstances, the Plaintiff believes and therefore alleges that the termination was in retaliation for her exercise of her rights under FMLA, including but not limited to the extension of such leave which was communicated to the Plaintiff immediately prior to the termination.

## COUNT II – WRONGFUL TERMINATION

24.     Paragraphs 1-23 are referenced as though set forth in full herein.

25.     Plaintiff's termination herein is a violation of the public policy ensuring that Pennsylvania employers are granted the full protection of employment rules, laws and statutes designed to protect them from unfair treatment from their employer.

26.     Specifically, Plaintiff's right to take leave under the FMLA was retaliated against by her employer, which is a violation of public policy.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in her favor and against the Defendants and enter a judgment ordering the Defendant to compensate the Plaintiff for compensatory damages, non-compensatory damages, punitive damages, legal fees and costs and such other relief as it deems appropriate.

Case ID: 190502157

Respectfully submitted,

/s/ Gerald R. Clarke
Gerald R. Clarke, Esquire (86236)
119 S. Easton Road, Suite 207
Glenside, Pa 19038
215-572-0530
Attorney for Plaintiff

Dated: May 17, 2019

VERIFICATION

Eileen Masterson-Carr, Plaintiff, verifies that the statements made in the foregoing pleading are true and correct. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Section 4904 relating to unsworn falsification to authorities.

Date: _5-13-19_

_Eileen Masterson-Carr_

Eileen Masterson-Carr, Plaintiff

Case ID: 190502157

# Exhibit B

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

| | |
|---|---|
| EILEEN MASTERSON-CARR,<br><br>          Plaintiff,<br><br>     v.<br><br>DREXEL UNIVERSITY COLLEGE OF MEDICINE,<br><br>          Defendant. | CIVIL DIVISION<br><br>Case No. 2017-007323<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>FILED ON BEHALF OF DEFENDANT DREXEL UNIVERSITY COLLEGE OF MEDICINE<br><br>Counsel of Record for this Party:<br><br>Charlene A. Barker Gedeus, Esquire<br>Pa. I.D. # 317896<br><br>BUCHANAN INGERSOLL & ROONEY PC<br>Two Liberty Place<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA  19102-2555<br>(215) 665-8700 (Phone)<br>(215) 665-8760 (Fax) |

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| EILEEN MASTERSON-CARR, | : | |
| | : | CIVIL DIVISION |
| Plaintiff, | : | |
| | : | Case No. 2019-002157 |
| v. | : | |
| | : | |
| DREXEL UNIVERSITY COLLEGE OF | : | |
| MEDICINE. | : | |
| | : | |
| Defendant. | | |

## <u>NOTICE OF REMOVAL TO FEDERAL COURT</u>

Please take notice that on the ____<sup>th</sup> day of June 2019, Defendant Drexel University College of Medicine pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania, a Notice of Removal, Civil Action No. _____ a copy of which is attached hereto and incorporated herein as Exhibit A.

Please take further notice that, pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: _____

Charlene A. Barker Gedeus (Pa. I.D. No. 3178960)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555
(215) 665-8700 (Phone)
(215) 665-8760 (Fax)
*Attorneys for Defendant,*
*Drexel University College of Medicine.*

Date:  June ____, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Removal to

Federal Court was served upon the following counsel of record via e-mail and U.S. First-Class

Mail, postage pre-paid this _____th day of June 2019:

Gerald R. Clarke, Esq.
119 S. Easton Road
Glenside, Pa 19038
*Attorney for Plaintiff*

_____
Charlene A. Barker Gedeus

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of June, 2019, I caused a true and correct copy of the

foregoing Notice of Removal to be filed by delivering a CD with its contents to the Clerk of the

U.S. District Court, and served via U.S. Mail First Class Mail and email on:

> Gerald R. Clarke, Esquire
> 119 S. Easton Road, Suite 207
> Glenside, PA  19038
> Telephone:  (215) 572-0530
> Facsimile:  (215) 884-4152
> jclarke@clarkeandassoc.com
>
> *Attorneys for Plaintiff*

>                    */s/ Charlene A. Barker Gedeus*
>                    Charlene A. Barker Gedeus

4823-3107-0874, v. 2